IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ZACHERY SCOTT KEESEE**                                                    **PLAINTIFF**
**ADC #175621**

v.                               **CASE NO. 4:22-CV-00002-BSM**

**ANDREW JOHNSON,** *et al.*                                              **DEFENDANTS**

## ORDER

Travis Eddleman's motion to dismiss [Doc. No. 154] is granted and Zachery Keesee's claims against him are dismissed with prejudice. Eddleman's motion to reconsider the order denying his motion to stay discovery [Doc. No. 164] is denied as moot.

## I.  BACKGROUND

Keesee, an inmate serving a life sentence in Arkansas state prison for a capital murder conviction, has brought a variety of claims against Eddleman, a former law enforcement officer. These claims arise from Eddleman's role in obtaining a series of court orders permitting access to cellular and electronic data that facilitated the apprehension of Keesee, who was then suspected of the murder. Keesee's claims fall into two categories: statutory claims and constitutional claims under section 1983. A hearing was held on October 4, 2023 to determine two threshold matters: (1) Eddleman's status as a federal actor and (2) the authenticity of a court order submitted by Eddleman.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted.  To meet the 12(b)(6) standard, the facts alleged in the complaint must create a "reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient.  *Id.*  In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record may all be considered.  *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).

## III.  DISCUSSION

The motion to dismiss is granted with respect to Keesee's claims under 18 United States Code sections 2520 and 2707 because Eddleman has established the good faith defense in those statutes.  The motion to dismiss is granted with respect to Keesee's section 1983 claim because the conduct alleged to violate Keesee's constitutional rights occurred while Eddleman acted as a federal official.

A.   Statutory Claims

Keesee has alleged violations of two federal statutes that contain private rights of action against violators: 18 U.S.C. § 2510 *et seq.* (the "Wiretap Act") and 18 U.S.C. § 2701

*et seq.* (the "Stored Communications Act"). *See* 18 U.S.C. § 2520(a); 18 U.S.C. § 2707(a). The Wiretap Act prohibits the intentional interception or attempt to intercept "any wire, oral, or electronic communication," as well as knowingly disclosing or attempting to disclose the contents of the same to any other person. 18 U.S.C. § 2511(1)(a), (c). The Stored Communications Act prohibits "intentionally access[ing] without authorization a facility through which an electronic communication service is provided" and "intentionally exceed[ing] an authorization to access that facility." 18 U.S.C. § 2701(a)(1), (2). Keesee alleges that Eddleman violated both the Wiretap Act and the Stored Communications Act by "intercepting and disclosing [his] communications" and "unlawfully obtaining [his] stored communications," respectively, without court orders authorizing him to do so. Sec. Am. Compl. 64-65, 67-68, Doc. No. 49. Although Keesee's statutory claims arise from the investigation leading to his conviction, the Eighth Circuit has allowed a convicted prisoner to seek money damages from a violation of the Wiretap Act under these circumstances. *See Morford v. City of Omaha*, 98 F.3d 398, 400-01 (8th Cir. 1996). Keesee has plausibly alleged violations of the Wiretap Act and the Stored Communications Act.

Eddleman asserts that he is entitled to qualified immunity and the good faith defense in sections 2520 and 2707. Officials are protected by qualified immunity unless "(1) the facts alleged, taken in the light most favorable to the plaintiff, show the officer's conduct violated a constitutional or statutory right; and (2) that right was clearly established at the time of the purported misconduct." *Perry v. Woodruff Cnty. Sheriff Dep't ex rel Barker*, 858

F.3d 1141, 1144-45 (8th Cir. 2017).  Additionally, under sections 2520 and 2707, "[a] good faith reliance on . . . a court warrant or order . . . is a complete defense against any civil or criminal action brought under this chapter or any other law." 18 U.S.C. § 2520(d); 18 U.S.C. § 2707(e).

Eddleman maintains that he had valid court orders authorizing his electronic surveillance of Keesee and intercepted and disclosed Keesee's cellular data in good faith reliance upon them.  Keesee has submitted several such orders as exhibits to his own filings. *See* Compl. Ex. 3 at 22-28, Doc. No. 1-3.  The only order whose authenticity is disputed is one submitted by Eddleman in support of his motion to dismiss that purports to be a signed order of the Little Rock District Court authorizing the disclosure of location data from Keesee's cell phone (the "Keesee Phone Order").  Def.'s Br. Supp. Mot. Dismiss Ex. A, Doc. No. 55-1, Def.'s Hearing Ex. 1, Doc. No. 177.  Keesee submitted an affidavit from the chief court clerk of the Little Rock District Court criminal division stating that the court did not have in its possession the affidavit/application, search warrant or return/inventory pertaining to the Keesee Phone Order.  Aff. of Tiffany Keene, Doc. No. 178.  Former Little Rock District Court Judge Hugh Finkelstein explained in the October 4 hearing that he received and reviewed applications for electronic surveillance on an iPad provided by the Little Rock Police Department that only he had access to, accounting for the absence of documentation in ordinary court records.  Judge Finkelstein authenticated the Keesee Phone Order by testifying that he had issued it and that his signature on it was genuine.

The Keesee Phone Order may be considered without converting Eddleman's motion to dismiss into a summary judgment motion because "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, [and] orders" may be considered at the motion to dismiss stage. *Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B Wright & Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)). The Keesee Phone Order was signed and dated by a judge and is integral to Keesee's statutory claims because those claims hinge on Eddleman's interception of and disclosure of Keesee's cellular data, which was the object of the order.

The good faith exception in Sections 2520 and 2707 applies because Eddleman provided applications and affidavits to the Little Rock District Court for review, the court signed the Keesee Phone Order, and Eddleman intercepted and disclosed Keesee's cellular data in reliance upon that order. Def.'s Br. Supp. Mot. Dismiss 3, Doc. No. 155; Keesee Phone Order, pp. 1, 7, Doc. No. 55-1. Keesee's unsupported assertion that Eddleman sought the order through judicial deception does not alter this analysis. *See United States v. Degaule*, 797 F. Supp. 2d 1332, 1363 n.26 (N.D. Ga. 2011) (rejecting conclusory argument that agent who obtained wiretap orders misled the issuing judges). Eddleman is also entitled to qualified immunity because his acts were authorized by a court order and thus did not violate Keesee's clearly established statutory rights. Finally, the sworn testimony at the hearing does not support Keesee's assertion that Eddleman obtained Keesee's records by deceiving the judge. Keesee's claims against Eddleman under 18 U.S.C. § 2520(a) and 18

5

U.S.C. § 2707(a) are therefore dismissed with prejudice.

B.         42 U.S.C. § 1983 Claim

Keesee has also brought a claim under section 1983 alleging that Eddleman violated his Fourth Amendment right to be free from unreasonable search and seizure. A threshold inquiry for a section 1983 claim is whether Eddleman acted under color of state law. *See Magee v. Trs. of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014). Section 1983 claims are not available against "persons acting under color of federal law." *Yassin v. Weyker*, 39 F.4th 1086, 1089 (8th Cir. 2022), *cert. denied*, 143 S. Ct. 779 (2023). State or local law enforcement officials who have been deputized by a federal agency to participate in a task force are considered federal actors for purposes of section 1983 claims arising from their participation in the task force. *See Askar v. Hennepin Cnty.*, 600 F. Supp. 3d 948, 953-55 (D. Minn. 2022) (citing cases).

At the time that Eddleman obtained the orders to access Keesee's cellular and electronic data, he was employed by the Arkansas State Police and deputized as a Special Deputy U.S. Marshal as part of the U.S. Marshal's Service Eastern Arkansas Fugitive Task Force (the "USMS Task Force"). Def.'s Hearing Ex. 2, Doc. No. 177. Keesee argues that Eddleman obtained the orders while acting as a state police officer, pointing to the fact that Eddleman's signature on the applications to obtain the orders in question identifies him as a state police officer. Pl.'s Resp. Mot. Dismiss 3, 9-10, Doc. No. 161. In the October 4 hearing, however, Eddleman testified that he obtained the orders exclusively pursuant to his

duties as a Special Deputy U.S. Marshal, which consisted of locating and apprehending fugitives, and that state police had no involvement in obtaining the orders.

Extensive documentation Keesee himself submitted with prior filings confirms Eddleman's testimony. An exhibit submitted by Keesee in response to the motion to dismiss shows that Eddleman was part of the USMS Task Force at all relevant times. *See* Pl.'s Resp. Mot. Dismiss Ex. 1 at 22-23, 25, Doc. No. 161-1. An exhibit to Keesee's original complaint states that Eddleman's interceptions and disclosures of cellular data were pursuant to an "ongoing criminal investigation being conducted by the United States Marshals Service Eastern District of Arkansas Fugitive Task Force." Compl. 22-46, Doc. No. 1-3. A number of other exhibits provided by Keesee contain similar language. Pl.'s Reply Ans. Am. Compl. 54-78, 99-123, 124-148, Doc. No. 25; *see also* Def.'s Br. Supp. Mot. Dismiss Ex. A. Further, the U.S. Attorney's Office is representing Eddleman because it states he was acting as a Special Deputy U.S. Marshal. *See* Def.'s Hearing Ex. 3, Doc. No. 177; Doc. No. 125. This testimony and documentation may be considered without converting Eddleman's motion to dismiss into a motion for summary judgment because they are items appearing in the record of this case whose authenticity is not subject to dispute. *See Miller*, 688 F.3d at 931.

Keesee cannot bring a section 1983 action against Eddleman because Eddleman was a deputized member of the USMS Task Force and his actions were taken in that capacity. To sue a federal official for money damages for violating a constitutional right, plaintiffs are limited to the remedy created by *Bivens v. Six Unknown Agents of Federal Bureau of*

*Narcotics,* 403 U.S. 388 (1971). Keesee, however, has not asserted a *Bivens* claim against Eddleman. Pl.'s Resp. Mot. Dismiss 1.

Even if Keesee were to bring a *Bivens* claim against Eddleman, it would be dismissed because the facts presented herein are beyond the context of the facts in *Bivens* and the two other *Bivens* precedents. *See Egbert v. Boule*, 142 S. Ct. 1793, 1800 (2022) (holding that it is "clear" that a *Bivens* remedy should not be extended except in "the most unusual circumstances"); *Farah v. Weyker*, 926 F.3d 492, 500 (8th Cir. 2019) (declining to extend *Bivens* to claim against federally deputized officials because of differences in "the sorts of actions being challenged, the mechanism of injury, and the kinds of proof those injuries would require").

## IV.  CONCLUSION

For these reasons, Eddleman's motion to dismiss is granted and Keesee's claims against him are dismissed with prejudice.

IT IS SO ORDERED this 25th day of October, 2023.

_____
UNITED STATES DISTRICT JUDGE