IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ZACHERY SCOTT KEESEE**                                                            **PLAINTIFF**
**ADC #175621**

v.                              **CASE NO. 4:22-CV-00002-BSM**

**ANDREW JOHNSON,** *et al.*                                                      **DEFENDANTS**

## ORDER

Defendants' motion for judgment on the pleadings [Doc. No. 183] is granted on all of Zachery Keesee's claims against Sarah Ault and Danny Worley, Claims 17, 24, and 29 against Andrew Johnson, and Claims 4, 5, 17, and 19 against James Burrows: those claims are dismissed. The motion is denied on Claim 1 against Johnson and Claim 25 against Burrows.

## I. BACKGROUND

Keesee is serving a lifetime prison sentence for capital murder and is suing a variety of defendants for, among other things, investigating the murder, obtaining cellular and electronic data that led to his arrest, and questioning witnesses. Five defendants have been dismissed, *see* Doc. Nos. 151 & 180, and the four Conway police officers named above are now moving for judgment on the pleadings to dismiss the claims against them.

## II. LEGAL STANDARD

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is "appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir.

2015). The standard for a motion for judgment on the pleadings under Rule 12(c) is the same as for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Haney v. Portfolio Recovery Assocs., L.L.C.*, 895 F.3d 974, 981 (8th Cir. 2016). To meet this standard, the facts alleged in the complaint must create a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* At this stage, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record may all be considered. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017). As with 12(b)(6) motions to dismiss, when reviewing 12(c) motions, courts must accept all well-pleaded allegations as true and construe them in the light most favorable to the plaintiff. *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). A court, however, is not bound to accept legal conclusions and formulaic recitations as facts, and "factual allegations must be specific enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III. DISCUSSION

    A.    <u>Danny Worley</u>

Keesee's claim that Worley violated the Fourth Amendment by putting false information about the condition of the handgun located at the crime scene in two affidavits supporting the warrant for Keesee's arrest (Claim 28) is dismissed because those affidavits were not based on the handgun. To establish that Worley deprived Keesee of his rights under

the Fourth Amendment, Keesee must show that (1) Worley "knowingly and intentionally, or with reckless disregard for the truth, included a false statement in the warrant affidavit," and (2) "without the false statement, the affidavit would not have established probable cause." *United States v. Neal*, 528 F.3d 1069, 1072 (8th Cir. 2008). Neither the original nor the amended affidavit contained information about the handgun, so the judge issuing the warrant did not rely on the gun's condition when making the probable cause determination. *See* Compl. Ex. 1 at 136–37, 132–34, Doc. No. 1-1.

    B.    <u>Andrew Johnson</u>

The motion to dismiss is denied on Keesee's claim that Andrew Johnson provided false information in his applications for warrant of arrest (Claim 1) and granted on his claim that Johnson omitted exculpatory information from those applications (Claim 24). Accepting the allegations in the complaint as true, Claim 1 is sufficiently pled to avoid dismissal. Keesee's Claim 24 alleges that Johnson failed to include exculpatory information found in Keesee's custodial interrogation from the application for arrest, and that Johnson then destroyed the recording of the interrogation. Dismissal of this claim is appropriate because Johnson submitted his affidavits in support of the arrest warrant *before* Keesee was interrogated. *See* Am. Compl. 111, Doc. No. 49 (interrogation took place on June 15, 2018); Compl. Ex. 1 at 136–37, 132–34 (Johnson submitted the affidavits at issue on May 10 and June 13, 2018). Consequently, Johnson's affidavits could not have omitted exculpatory information gleaned from the interrogation. *See Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 808 (8th Cir. 1999) (dismissal is appropriate when the undisputed evidence

establishes that the allegation is baseless).

    C.    <u>James Burrows</u>

*1. Statutory Claims (Claims 4 and 5)*

James Burrows's motion to dismiss Keesee's claims under the Wiretap Act, 18 U.S.C. § 2510 *et seq.*, and the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, is granted because Burrows intercepted and disclosed Keesee's cellular data in good faith reliance upon valid court orders. *See* Order Granting Eddleman's Motion to Dismiss, Doc. No. 180. Under both the Wiretap Act and the Stored Communications Act, "[a] good faith reliance on . . . a court warrant or order . . . is a complete defense against any civil or criminal action brought under this chapter or any other law." 18 U.S.C. § 2520(d); 18 U.S.C. § 2707(e).

The record shows that Eddleman, acting on behalf of the United States Marshals Service Eastern District of Arkansas Fugitive Task Force ("USMS Task Force"), obtained valid court orders authorizing his electronic surveillance of Keesee. *See* Compl. Ex. 3 at 22–28, Doc. No. 1-3; Eddleman's Br. Supp. Mot. Dismiss Ex. A, Doc. No. 155-1; Order Granting Eddleman's Motion to Dismiss at 4. It also shows that Burrows was acting on behalf of the USMS Task Force when he accessed Keesee's electronic data. October 4 Hearing Transcript at 62:10–16, 64:22–65:25, Doc. No. 181.

The good faith exception in Sections 2520 and 2707 applies because Eddleman provided applications and affidavits to the Little Rock District Court for review, the court signed orders authorizing electronic surveillance of Keesee's devices, and Burrows, as a fellow member of the USMS Task Force, accessed Keesee's cellular data in reliance upon

them. *See* Order Granting Eddleman's Motion to Dismiss at 5; October 4 Hearing Transcript at 65:1–18. Burrows is also entitled to qualified immunity because his acts were authorized by a court order and thus did not violate Keesee's clearly established statutory rights. *See Frierson v. Goetz*, 227 F. Supp. 2d 889, 902 (M.D. Tenn. 2002), *aff'd*, 99 F. App'x 649 (6th Cir. 2004) (holding that defendant was entitled to qualified immunity under the good faith exception in the Wiretap Act).

### 2. Constitutional Claims (Claims 19 and 25)

Keesee's claim that Burrows unlawfully obtained Keesee's cellular data (Claim 19) is dismissed for the same reasons as his similar claim against Eddleman was dismissed: Burrows, like Eddleman, is considered a federal actor for purposes of this claim because he was acting on behalf of the USMS Task Force when he accessed the cellular data. *See* Order Granting Eddleman's Motion to Dismiss at 6–8; October 4 Hearing Transcript at 61:23–62:12.

The motion is denied on Claim 25, that Burrows convinced Keesee's ex-girlfriend to falsely contradict her previous statement that she had not seen Keesee for a couple of weeks before the murder. Accepting the allegations in the complaint as true, this claim is sufficiently pled to avoid dismissal at this stage.

### D. Conspiracy Claims

Keesee's two conspiracy claims against various defendants (Claims 17 and 29) are dismissed because they fail to state a claim. Claim 29, in which Keesee alleges a conspiracy

among Ault, Worley, and Johnson to deprive him of his Fourth Amendment rights by altering the condition of the handgun found at the murder scene, fails to state a claim because, as discussed above, Keesee does not show that this alleged conduct deprived him of his Fourth Amendment rights. *See supra* section III.A; *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999) (holding that it is "necessary to prove an actual deprivation of a constitutional right . . . [w]ithout a deprivation of a constitutional right or privilege, [the defendant] has no liability under § 1983") (citation omitted). Moreover, even if the underlying conduct were unconstitutional, Ault, Worley, and Johnson would be entitled to qualified immunity because they were employees of a single government entity—the city of Conway. *See Torres v. City of St. Louis*, 39 F.4th 494, 507 (8th Cir. 2022) (reversing denial of qualified immunity "because it is not clearly established that the intracorporate conspiracy doctrine does not apply to § 1983 conspiracy claims").

Claim 17, in which Keesee alleges a conspiracy among Burrows, Johnson, and Collins to deprive him of his Fourth Amendment rights by convincing his ex-girlfriend to make a false statement contradicting her previous version of events, also fails to state a claim. This is true because Keesee fails to allege sufficient facts to suggest that Burrows, Johnson, and Collins agreed to deprive him of his Fourth Amendment rights. *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1078 (8th Cir. 2016) (holding that "allegations of a conspiracy [must be] pleaded with sufficient specificity and factual support to suggest a meeting of the minds directed toward an unconstitutional action") (citation omitted).

## IV. CONCLUSION

For these reasons, the defendants' motion for judgment on the pleadings is denied as to Claims 1 and 25 and granted as to Keesee's remaining claims against them. These claims are dismissed with prejudice because Keesee has already amended his complaint twice and further amendment would be futile. *See Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009).

IT IS SO ORDERED this 19th day of January, 2024.

_____
UNITED STATES DISTRICT JUDGE